IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-00649-WDM

LLOYD E. PETRAMALA,

     Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

     Defendant.

---

## MEMORANDUM OPINION AND ORDER

---

Miller, J.

Plaintiff Lloyd E. Petramala (Petramala) appeals the final decision of Michael J. Astrue, the Commissioner of Social Security, denying his applications for disability insurance benefits and supplemental security income at step one of the five-step sequential evaluation process. Following review of the administrative record in this case and the parties' written and oral arguments, I conclude that the Commissioner's decision should be affirmed.

### Background

Petramala was born in 1959. Administrative Record at 65. He completed high school and has worked primarily in the restaurant industry as a waiter and restaurant manager. *Id.* at 73, 78.

Petramala asserts he is disabled as of February 2004, after he was diagnosed and had surgery for Crohn's Disease. *Id.* at 72. He also claims disabling conditions from HIV positive status and a colostomy. *Id.* Petramala's protective filing date for disability

insurance and supplemental security income benefits was March 15, 2004.  *Id.* at 65.  The claim was disapproved on April 4, 2004 based on the determination that his condition was not expected to remain severe enough for 12 months in a row.  *Id.* at 39.  He filed a timely appeal and requested hearing before an Administrative Law Judge (ALJ).  *Id.* at 38.

At the administrative hearing, on July 21, 2005, Petramala was represented by an attorney.  *Id.* at 313.  He testified that had been working as a waiter at Dixon's Grill since May 2004, anywhere from 20-35 hours a week and earning $200-500 week.  *Id.* at 314.  He testified that he has to take a bathroom break once an hour and needs time off for doctor appointments.  *Id.* at 319.  He is able to trade shifts with other servers easily and management is tolerant of his need for time off.  *Id.* at 316, 319.  He has to leave early sometimes because of fatigue, but he is usually able to find someone to cover for him, and is unable to work evening shifts.  *Id.* at 319.  He testified that at his previous job, at Denny's, he was not able to get time off as easily or take as many breaks.  *Id.* at 320.  In addition to fatigue, he suffers from nausea as a side effect of his medication.  *Id.* at 324.  Nonetheless, he testified that he does the same work as other servers and needs little assistance from other employees.  For example, occasionally someone has to take out orders if he is in the bathroom, but he also assists other servers in the same way if they need help.  *Id.* at 321.  His managers were aware that he had Crohn's Disease, but did not know that he had to use an ostomy device or that he was HIV-positive.  *Id.* at 319.  He did not know anyone at the restaurant before he started working there.  *Id.* at 321.

The ALJ issued a decision on August 23, 2005.  *Id.* at 12-15.  The ALJ made the following findings:

1.      Petramala's recent work at Dixon's was substantial gainful activity (SGA).

*Id.* at 14.  The ALJ rejected Petramala's argument that Petramala received special accommodations such that his employment should not be considered SGA.  The ALJ concluded the extra bathroom breaks and trading shifts were not special accommodations because the flexibility appeared to apply to all employees.  *Id.*

2.    Petramala is working as a waiter, which involves significant physical or mental activities performed for pay or profit.  *Id.* at 15.

3.    Petramala has not been unable to engage in SGA for any continuous period of at least 12 months.  *Id.*  Accordingly, he has not been under a disability. *Id.*

The Appeals Council denied a request for review, rendering the ALJ's

determination final for purposes of this appeal.  *Id.* at 4.

## Standard of Review

I  review the Commissioner's decision to determine whether his factual findings are

supported by substantial evidence in the record as a whole and whether he applied the

correct legal standards.  *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027,

1028 (10th Cir. 1994).  "Substantial evidence is 'such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion.'"  *Id.* (quoting *Consol. Edison Co.*

*v. NLRB*, 305 U.S. 197, 229 (1938)).  The commissioner must apply the correct legal

standard, and must provide the court with a sufficient basis to determine that appropriate

legal principles were followed.  *Nielson v. Sullivan*, 992 F.2d 1118, 1119-1120 (10th Cir.

1993).

## Discussion

The Secretary has established a five-step evaluation process to determine whether

a claimant is disabled for purposes of the Social Security Act.  *See Williams v. Bowen*,

844 F.2d 748, 750-52 (10th Cir. 1988).  The steps of the evaluation are:

(1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing [her] past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992).

At step one of the sequential evaluation process, the Commissioner is required to determine whether the claimant is engaged in "substantial gainful activity" within 12 months of the alleged onset date of the claimed disability.  If a claimant is working and the work he doing is substantial gainful activity, he is not disabled regardless of his medical condition or his age, education, and work experience.  *See* 20 C.F.R. §§ 404.1520(b) 416.920(b); *see also Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989).  As the ALJ noted, "substantial gainful activity is work activity that involves doing significant physical or mental duties and is the kind of work usually done for profit, whether or not a profit is actually realized. . . . Additionally, work may be substantial even if it is performed on a part-time basis."  Record at 13.  *See* 20 C.F.R. §§ 404.1572(a) & (b), 416.972(a) & (b).

Earnings are the primary criteria in establishing substantial gainful activity.  20 C.F.R. §§ 404.1574(a)(1); 416.974(a)(1); Social Security Ruling (SSR) 83-33.  As the ALJ noted, earnings which averaged more than $810 per month for the year 2004 and $830 per month for 2005 will "ordinarily" establish that a claimant engaged in substantial gainful activity.  Record at 13.  *See* 20 C.F.R. §§ 404.1574(b)(2)(ii); 416.974(b)(2)(ii). Petramala's testimony establishes that his income since May 2004 surpassed the regulatory earnings figure for showing substantial gainful activity, which Petramala does not dispute.

Under Social Security regulations, however, earnings in excess of specified

4

amounts only create a rebuttable presumption that a claimant is involved in substantial

gainful activity.  *See Milton v. Schweiker*, 669 F.2d 554, 556 (8th Cir.1982); *see also*

*Johnson v. Sullivan*, 929 F.2d 596, 598 (11th Cir. 1991) (earnings reported on income tax

returns raise a presumption that the taxpayer was gainfully employed).  The claimant can

rebut the presumption of substantial gainful activity with evidence concerning the nature

of his work, the adequacy of his performance, and the conditions of his employment.  *See*

*Dinkel v. Sec'y of Health and Human Servs.*, 910 F.2d 315, 319 (6th Cir.1990) (citing 20

C.F.R. § 404.1573).

> As the ALJ discussed,

> [i]f a claimant is unable to do ordinary or simple tasks satisfactorily without
> more supervision or assistance than others doing similar work, this may
> show that the work is not substantial gainful activity.  [20 C.F.R.
> §§ 404.1573(b), 416.973(b).]  Further, if the work is done under special
> conditions, this too may show that the claimant's work is not at the level of
> substantial gainful activity.  [*Id.* §§ 404.1573(c), 416.973(c).]  Factors taken
> into account include receiving special assistance from other employees,
> being allowed to work irregular hours or to take frequent rest periods, being
> given special work assignments or special equipment, being allowed to work
> at a lower [standard of] productivity, being allowed to work because of a
> family relationship or other special relationship with the employer.  [*Id.*]
> Additionally, when income exceeds the reasonable value of the work
> performed, [the Commissioner] considers only that part of the pay which a
> claimant actually earns [*Id.* §§ 404.1574(a)(2), 416.974(a)(2).]

Record at 13-14.

On appeal, Petramala argues that he was not engaged in substantial gainful

activity because his employer provided him with "special accommodations" or a "protected

work environment."  He asserts that no other employer would offer him these workplace

accommodations.  I disagree.  Even though Petramala's employer permits him to take

frequent restroom breaks and to liberally trade shifts with other employees, Petramala

performs the same work as other waiters in the restaurant and assists other waiters in the same way that they assist him.  There is substantial evidence to support the ALJ's determination that the employer's "flexibility [was] apparently granted to other waiters and [was] not specially given to [Petramala ] secondary to his impairments."  Because Petramala failed to rebut the presumption that he is engaged in substantial gainful activity, the ALJ's order should be affirmed.

Conclusion

Based upon my review of the record in this case, I find that the Commissioner's decision is based on substantial evidence and reflects a correct application of the law. Accordingly, the determination that Petramala is not disabled because he was engaged in substantial gainful activity is affirmed.

DATED at Denver, Colorado, on May 31, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge